**Rajasundari SABARATNAM, Kanagasabai Sabaratnam, Petitioners,**

v.

**Alberto R. GONZALES,\* United States Attorney General, Michael McLaughlin, Department of Homeland Security, Respondents.**

**Docket Nos. 03–4474(L), 03–4484.**

United States Court of Appeals, Second Circuit.

Dec. 27, 2005.

---

\* Attorney General Alberto R. Gonzales is substituted for former Attorney General John Ashcroft as Respondent. *See* Fed. R.App. P. 43(c)(2).

. Mark T. Kenmore, Buffalo, NY, for Petitioners.

Monica Fernandez, Assistant United States Attorney (Kevin V. Ryan, United States Attorney, Joann M. Swanson, Chief, Civil Division, Northern District of California, on the brief), San Francisco, CA, for Respondents.

Present: Hon. RICHARD J. CARDAMONE, Hon. JOSEPH M. MCLAUGHLIN, and Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 27th day of December, two thousand and five.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, and the case is REMANDED to the BIA for further proceedings in accordance with this decision.

Petitioners Kanagasabai and Rajasundari Sabaratnam (Sabaratnams or petitioners), husband and wife, are natives and citizens of Sri Lanka who entered the United States with their children in 1985 and have been residing in the United States, without interruption, for over 20 years. Now aged 71 and 64, respectively, they petition for review of three orders of the Board of Immigration Appeals dated January 28, 1993, March 21, 1997, and February 10, 2003.

Despite years of immigration proceedings, including a 1999 grant by the BIA of a motion to reopen and additional hearings held by an IJ in 2000, neither the IJ nor the BIA has, at any time, ever considered the evidence of persecution of Rajasundari Sabaratnam's relatives in Sri Lanka as it relates to the petitioners' asylum claim. Rajasundari Sabaratnam testified in support of her Convention Against Torture claim that since petitioners left Sri Lanka, the Tamil United Liberation Front (TULF) had assassinated both her brother and her brother-in-law. Although this evidence may not be compelling enough to prove that petitioners would more likely than not be tortured in Sri Lanka, which is the standard under the Convention Against Torture, see Khouzam v. Ashcroft, 361 F.3d 161, 168 (2d Cir.2004), the evidence might support a determination that the Sabaratnams have a "well-founded fear of persecution" under 8 U.S.C. §§ 1101(a)(42) and 1158(b) and are therefore eligible for asylum.

The IJ erred when after receiving this evidence in connection with petitioners' CAT claim, he declined to consider how the same evidence might apply to petitioners' asylum claim. The IJ and BIA assumed that petitioners' asylum claim had

been adjudicated and settled. Specifically, the BIA explained that "the issue of asylum and withholding of deportation had been previously addressed and settled" in its January 28, 1993 and March 21, 1997 orders. However, as the First Circuit noted when this matter was in that Circuit because petitioners had once resided in Boston, the BIA's January 5, 1999 order reopening the proceedings "effectively vacated the March 21, 1997 decision." *Sabaratnam v. INS.*, No. 97–1800 (1st Cir. Mar. 10, 1999). The vacated March 27, 1997 decision had denied a motion to reconsider the January 28, 1993 order and had denied a motion to reopen for consideration of new evidence in support of the Sabaratnams' asylum application.

In sum, the IJ and BIA wrongly considered the asylum claim to be settled; the earlier BIA orders discussing asylum were effectively vacated. Accordingly, it was arbitrary and capricious for the IJ and BIA to refuse to consider the evidence pertaining to asylum when the case was reopened.

Plainly, that evidence could affect the outcome of the Sabaratnams' case. The fact that both Rajasundari Sabaratnam's brother and her brother-in-law had been assassinated since the Sabaratnams left Sri Lanka is important to the determination of whether they had a "well-founded fear of persecution" under 8 U.S.C. §§ 1101(a)(42) and 1158(b). An alien establishes a well-founded fear if he shows that "a reasonable person in the same circumstances would have such a fear." *Abankwah v. INS*, 185 F.3d 18, 22 (2d Cir.1999).

In this case, petitioners likely may be able to establish a well-founded fear of persecution because members of Rajasundari Sabaratnam's immediate family have had significant violence done to them in Sri Lanka. Although the Sabaratnams have not shown that they would be punished *because of* their relationship to the members of Rajasundari Sabaratnam's family that have been persecuted, the petitioners' situation is sufficiently similar to their family members in Sri Lanka that it is likely that they too may reasonably claim to have a well-founded fear of persecution.

Based on the foregoing, we grant the Sabaratnams' petition and remand to the BIA for consideration of the Sabaratnams' asylum claim in light of the testimony regarding persecution of Rajasundari Sabaratnam's family in Sri Lanka.